ORAL ARGUMENT NOT YET SCHEDULED

Nos. 23-1125, 23-1165, & 23-1274 (consolidated)

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

UNION PACIFIC RAILROAD COMPANY, et al.,
*Petitioners*,

v.

SURFACE TRANSPORTATION BOARD
and UNITED STATES OF AMERICA,
*Respondents*,
and

CANADIAN PACIFIC KANSAS CITY LIMITED, et al.,
*Intervenors*.
_____

**JOINT MOTION TO GOVERN FUTURE PROCEEDINGS**
_____

Petitioners Union Pacific Railroad Company (Union Pacific), The Coalition to Stop CPKC (Coalition), and the Commuter Rail Division of the Regional Transportation Authority d/b/a Metra (Metra) (collectively, Petitioners); Respondents Surface Transportation Board (Board) and United States of America (U.S.) (collectively, Federal Respondents); and Intervenors Canadian Pacific Kansas City Limited (CPKC) and Norfolk Southern Railway Company (Norfolk Southern) (collectively, Intervenors), jointly submit this motion responding to the

Court's November 21, 2023, order directing the parties to file motions to govern future proceedings in these consolidated cases by December 1, 2023.

Counsel for the parties have met and reached an agreement on a proposed briefing schedule. Accordingly, the parties jointly move the Court to enter an order approving the proposed briefing schedule.

A. **Summary of the Proceedings**

Between May 3, 2023, and May 12, 2023, Union Pacific, the Coalition, and Metra each filed petitions for review of the Board's March 15, 2023, decision approving, with conditions, Canadian Pacific Railway Limited's acquisition and control of The Kansas City Southern Railway Company and its affiliates (*Approval Decision*).[1] The Court consolidated the petitions by orders dated May 16, 2023, and June 29, 2023. On June 20, 2023, the Board certified the administrative record for the *Approval Decision*.

By order dated August 3, 2023, the Court dismissed Metra's appeal, holding that Metra had sought both agency rehearing and judicial review of the *Approval Decision*. The Court held the Union Pacific and Coalition cases in abeyance and directed the parties to file motions to govern future proceeding within 30 days of the completion of agency proceedings. The Board issued its final order completing

---

[1] The Coalition filed its petition for review in the United States Court of Appeals for the Seventh Circuit, which transferred that proceeding to this Court on June 28, 2023, pursuant to 28 U.S.C. § 2112(a)(5).

2

agency proceedings on September 1, 2023 (*September 1 Decision*). On September 29, 2023, Metra filed a renewed petition for review of the *Approval Decision* and the *September 1 Decision*.

On October 2, 2023, the Court ordered that the consolidated Union Pacific and Coalition proceedings remain in abeyance and directed the parties to those proceedings to file motions to govern future proceedings by November 17, 2023. On November 1, 2023, the Board filed an Unopposed Motion to Consolidate Metra's appeal with the cases filed by UP and the Coalition. On November 16, 2023, after discussions between counsel for the Board, UP, the Coalition, Metra, and Intervenors, the Board filed a Consent Motion to Continue Abeyance asking the Court to continue hold the proceedings in abeyance to allow for resolution of the consolidation motion in the Metra case. The motion further stated that if the Court granted the abeyance, the parties proposed to file motions to govern future proceedings by December 1, 2023.

On November 16, 2023, the Board filed in the Metra docket an updated certified list describing the administrative record for the *Approval Decision* and the *September 1 Decision*. On November 21, 2023, the Court extended the abeyance in the consolidated Union Pacific and Coalition proceedings and directed the parties to file motions to govern future proceedings by December 1, 2023. In the

3

same Order, the Court consolidated the Metra proceeding with the Union Pacific and Coalition cases.

The parties are prepared to proceed to merits briefing.

**B.    Briefing Schedule**

The parties respectfully request that the Court issue an order adopting the briefing schedule proposed below.  As part of the proposed schedule, Union Pacific, the Coalition, and Metra would each file their own opening and reply briefs; Federal Respondents would file a single, joint answering brief responding to the Petitioners' opening briefs; and Intervenors CPKC and Norfolk Southern would each file their own answering brief responding to the Petitioners' opening briefs.  The proposed schedule is as follows:

- Petitioners' opening briefs must be filed on or before February 2, 2024.

- Federal Respondents' answering brief must be filed on or before May 2, 2024.

- Intervenors' answering briefs supporting Federal Respondents must be filed on or before May 16, 2024.

- Petitioners' reply briefs must be filed on or before June 6, 2024.

- The deferred joint appendix must be filed on or before June 20, 2024.

- Final briefs must be filed on or before July 8, 2024.

### C. Number and Length of Briefs

A summary of the parties' position on the number and length of briefs is provided below, and the parties' individual positions are discussed in the following sections.

Summary of Position of Petitioners

- Union Pacific's opening brief: not to exceed 11,000 words.
- The Coalition's opening brief: not to exceed 11,000 words.
- Metra's opening brief: not to exceed 11,000 words.
- Union Pacific's reply brief: not to exceed 5,500 words.
- The Coalition's reply brief: not to exceed 5,500 words.
- Metra's reply brief: not to exceed 5,500 words.

Summary of Position of Federal Respondents

- Federal Respondents' answering brief: not to exceed the total of Petitioners' opening brief word limits.

Summary of Position of Intervenor CPKC

- CPKC's answering brief: not to exceed 70% of the maximum words permitted to the Federal Respondents.

Summary of Position of Intervenor Norfolk Southern

- Norfolk Southern's answering brief: not to exceed 11,000 words.

### 1. Petitioners' position on briefing and word limits.

Union Pacific, Metra, and the Coalition recognize that this Court encourages parties with common interests in consolidated appeals to join in a single brief where feasible and looks with extreme disfavor on the filing of duplicative briefs in consolidated cases.  In these consolidated cases, however, each Petitioner is raising issues distinct from the other Petitioners and therefore require separate briefs.  If other parties had not also sought review of the Board's decision, each Petitioner would be subject to the 13,000-word and 6,500-word limits of Rule 32 of the Federal Rules of Appellate Procedure.  By coordinating their briefs, Petitioners can reduce the length of each brief, but as explained in more detail below, the distinct issues each Petitioner will raise requires that each be permitted to submit an opening brief of 11,000 words and a reply brief of 5,500 words.

Union Pacific is challenging two aspects of the Board's conclusion that Canadian Pacific Railway Limited's acquisition and control of The Kansas City Southern Railway Company and its affiliates was consistent with the public interest under 49 U.S.C. § 11324—one involving the Board's analysis of the transaction's anticompetitive impacts, the other involving the Board's analysis of the transaction's impacts on operations of other freight rail carriers in Texas and Louisiana.  Both parts of the appeal involve issues with a complex factual basis and an extensive administrative record.

Metra is challenging the Board's public interest finding under 49 U.S.C. § 11324, but for different reasons; Metra is also challenging the Board's assessment of environmental impacts under the National Environmental Policy Act (NEPA). Specifically, Metra will challenge the Board's consideration of how post-merger operations will impact Metra's trains and the safety of Metra's passengers in the Chicago area. Metra's concerns are on the impact of the merger on its service and passengers, not on the impact on neighboring communities, which is the subject about which the Coalition will argue. The issues Metra raise require a detailed and technical explanation of how Metra and CPKC coordinate operations on tracks Metra owns and the analysis Metra submitted showing how post-merger operations will impact Metra and its passengers.

The Coalition is challenging the Board's approval of the merger based in large part on the Board's consideration under NEPA of the impacts the merger will have on the inhabitants and businesses located in the Coalition communities as the merger is implemented. Although the Coalition and Metra are both challenging the Board's analysis under NEPA and its public interest finding, the Coalition's case rests on interests and claims that are separate and distinct from those of Metra.

The Coalition's arguments will not entail the technical operational analysis described above by Metra. Nor will the Coalition focus on the effects of the merger on Metra's passenger operations. Rather, the Coalition will focus on the

7

assumptions, data, and methodologies utilized by the Board to assess the potential impacts of the merger on public safety from increased numbers of trains, longer trains, road crossing delays and accidents, as well as impacts on first responders.

2.   **Federal Respondents' position on briefing and word limits.**

Federal Respondents do not oppose Union Pacific's filing a separate brief from the Coalition and Metra, and they take no position on the request of the Coalition and Metra to file two separate briefs. As Petitioners indicate above, the Court has directed parties with common interests in consolidated appeals to file a joint brief where feasible, and it cautions against repetitious arguments. *See D.C. Cir. Handbook of Practice and Internal Procs.* 38 (2021). Federal Respondents also take no position on the word limits proposed by Petitioners. Should the Court decide to reduce those word limits, Federal Respondents respectfully request to continue to have a word limit that corresponds to the sum of the word limits in Petitioners' opening briefs. Federal Respondents' request for 90 days to respond to the Petitioners' opening briefs accounts for the separate briefing to which Federal Respondents must respond and the need for coordination between the Federal Respondents.

3.   **Intervenor CPKC's position on briefing and word limits.**

First, CPKC takes no position on whether Union Pacific, the Coalition, and Metra should be entitled to file separate briefs.

Second, CPKC respectfully submits that it should be permitted to file its own brief of up to the maximum number of words customarily made available to intervenors. The Board's decisions under review authorized, with certain conditions, the acquisition and exercise of control of Kansas City Southern and its U.S. rail carrier affiliates by Canadian Pacific Railway Limited, resulting in the creation of CPKC. The proposed Transaction closed on April 14, 2023. The petitions for review challenge the Board's approval of that Transaction. CPKC is the principal interested non-agency party and, accordingly, will respond in defense of the Board's orders and the underlying Transaction. CPKC anticipates the need to respond on its own behalf to all of the arguments advanced by each of the three Petitioners objecting to the Transaction.

Under Circuit Rules 28(d) and 32(e)(2), intervenors are generally permitted 70% of the maximum number of words available for the respondent's principal brief. CPKC believes that the principal parties here can adequately brief this appeal in fewer than 33,000 combined words per side. However, CPKC recognizes that the Petitioners may require more than 13,000 words total combined among the three of them, perhaps in the range of 24,000 words, and that the Federal Respondents have requested a brief of equal total words to respond. CPKC submits that 70% of the Federal Respondents' request for the same number of words afforded to Petitioners combined—which would come out to 16,800

9

words were the Court to allow Petitioners combined 24,000 words—would suffice for CPKC. If the Court enters an order providing a greater number of words for the principal parties, CPKC respectfully requests that the Court apply the 70% ratio to determine the maximum number of words available to CPKC, so that CPKC may fully respond to anticipated arguments objecting to the Transaction that resulted in CPKC's creation.

Third, CPKC respectfully requests permission not to file a joint brief with Intervenor Norfolk Southern. It is not clear whether Norfolk Southern's interests are aligned with CPKC and, even presuming they are aligned, CPKC's interests in defending the Transaction far outweigh those of any other non-agency party.

As an initial matter, Circuit Rule 28(d)(4) requires a joint brief only if intervenors are "on the same side." On the dockets for Nos. 23-1125 and 23-1165, Norfolk Southern is designated as "Intervenor for Petitioner," not for Respondent. (Norfolk Southern did not file a motion to intervene in No. 23-1274.) It is not clear whether Norfolk Southern agrees with that designation. Prior to transferring No. 23-1165 to this Court, the Seventh Circuit granted Norfolk Southern's motion to intervene in that case and stated that, "Norfolk Southern Railway Company may participate in this appeal as an intervening *petitioner*." Order, *Coalition to Stop CPKC* v. *STB*, No. 23-1894 (7th Cir. June 15, 2023) (emphasis added). Norfolk Southern never corrected that statement. When this Court granted Norfolk

10

Southern's motion to intervene in No. 23-1125, it instructed Norfolk Southern to "notify the court, in writing, within 14 days" if it "intend[ed] to participate in support of petitioners." Order at 1, *Union Pacific Railroad Company* v. *STB*, No. 23-1125 (D.C. Cir. June 22, 2023). No such notification has appeared on the docket.

In any event, Circuit Rule 28(d)(4) permits an intervenor to file a separate brief, even if other intervenors are on the same side, where counsel has explained "why the separate brief is necessary." Separate briefs are necessary because, at a minimum, CPKC and Norfolk Southern are not "on the same side" in the usual sense. CPKC and Norfolk Southern have different interests in the underlying Transaction, and were adversarial in proceedings before the Board. CPKC is the successor to the applicants that initiated the Board proceeding to secure approval of the Transaction, whereas Norfolk Southern was an objector who sought certain conditions on any Board approval of the Transaction. Norfolk Southern filed an application in the proceedings below "seek[ing] as a condition to any Board approval of the proposed Transaction certain contingent trackage rights." Decision No. 35, 2023 WL 2808454, at *111. CPKC's predecessors opposed the adoption of such condition. *Id.* at *112. The Board sided with CPKC's predecessors and denied NS's application. *Id.* at *113. The Board also denied Norfolk Southern's separate request "that the Board impose gateway-related conditions" "[t]o the

11

extent" that such conditions went "beyond those" that CPKC committed to accept. *Id.*

Norfolk Southern has not preserved these issues because it has not filed its own petition for review, and it has not clarified what arguments, if any, it intends to advance here. Indeed, Norfolk Southern's own statement of its position below confirms that Norfolk Southern and CPKC are not aligned. Norfolk Southern states that it is interested in particular (unspecified) issues and that it may not even file a brief if those issues are not raised. CPKC, by contrast, will certainly file a brief defending the Board's orders in their entirety. CPKC respectfully submits that the Court should not enter a briefing order that treats two unaligned parties as if they will advance the same or similar arguments.

### 4. Intervenor Norfolk Southern's position on briefing and word limits.

Norfolk Southern was a party in interest that actively participated in the underlying proceeding before the Board. In the *Approval Decision*, the Board imposed certain conditions (and did not impose certain other conditions requested by other parties) on the acquisition of Kansas City Southern by Canadian Pacific Railway Limited which are specifically relevant to Norfolk Southern. Norfolk Southern intervened in these appeals out of an abundance of caution because its interests could be affected if the *Approval Decision* is altered or set aside, and at this point it is unclear whether petitioners will challenge a portion of the *Approval*

12

*Decision* that is relevant to Norfolk Southern. Norfolk Southern accordingly may withdraw without filing a brief if the petitioners' opening briefs do not raise arguments that threaten Norfolk Southern's interests, but Norfolk Southern also may need to file a brief defending its interests. If that occurs, Norfolk Southern respectfully submits that a brief of the same length as the opening briefs (11,000 words) would be appropriate.

## Conclusion

The parties respectfully request that the Court issue an order approving the briefing schedule and format proposed by the parties in this joint motion.

DATED:  December 1, 2023

*/s/ Michael L. Rosenthal*
MICHAEL L. ROSENTHAL
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
mrosenthal@cov.com

*Counsel for Petitioner Union Pacific Railroad Company*

*/s/ Thomas W. Wilcox*
THOMAS W. WILCOX
Law Office of Thomas W. Wilcox, LLC
1629 K. Street, NW, Suite 300
Washington, D.C. 20006
(202) 508-1065
tom@twilcoxlaw.com

*Counsel for Petitioner The Coalition to Stop CPKC*

 */s/ W. Eric Pilsk*
W. ERIC PILSK
CHARLES A. SPITULNIK
CHRISTIAN L. ALEXANDER
DANIEL C. ORLASKEY
Kaplan Kirsch & Rockwell LLP
1634 I (Eye) Street, Suite 300
Washington, D.C. 20006
(202) 955-5600
epilsk@kaplankirsch.com

*Counsel for Petitioner Commuter Rail Division of the Regional Transportation Authority d/b/a Metra*

/s/ Adam M. Kress
CRAIG M. KEATS
General Counsel
ANIKA S. COOPER
Deputy General Counsel
ADAM M. KRESS
DREW VAN DENOVER
Attorneys
Surface Transportation Board
395 E Street, SW
Washington, D.C. 20423
(202) 245-0149
adam.kress@stb.gov

*Counsel for Respondent Surface Transportation Board*

/s/ Robert J. Wiggers
ROBERT B. NICHOLSON
ROBERT J. WIGGERS
Attorneys
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 514-2489
robert.wiggers@usdoj.gov

*Counsel for Respondent United States*

/s/ David L. Meyer
DAVID L. MEYER
Law Office of David L. Meyer
1105 S Street, NW
Washington, D.C. 20009
(202) 294-1399
david@meyerlawdc.com

*Counsel for Intervenor Canadian Pacific Kansas City Limited*

/s/ Zachary Tripp
ZACHARY TRIPP
BRIANNE L. KUCERIK
JOHN E. SCRIBNER
DANIEL A. BAQUET
Weil, Gotshal & Manges LLP
2001 M Street, NW, Suite 600
Washington, D.C. 20036
(202) 682-7000
zack.tripp@weil.com

*Counsel for Intervenor Norfolk Southern Railway Company*

15

**CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATION AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,596 words.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word and Times New Roman font, size 14.

/s/ *Adam M. Kress*
ADAM M. KRESS
Attorney
Surface Transportation Board
395 E Street, SW
Washington, D.C. 20423
(202)-245-0149
adam.kress@stb.gov

December 1, 2023