# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-1125**  **September Term, 2023**

STB-FD 36500
STB-FD36500

**Filed On:** January 2, 2024

Union Pacific Railroad Company,

    Petitioner

    v.

Surface Transportation Board and United States of America,

    Respondents

------------------------------

Norfolk Southern Railway Company and Canadian Pacific Kansas City Limited,
    Intervenors

------------------------------

Consolidated with 23-1165, 23-1274

**BEFORE:** Henderson, Childs, and Pan, Circuit Judges

## O R D E R

Upon consideration of the joint motion to govern further proceedings, it is

**ORDERED** that these cases be removed from abeyance. It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in these consolidated cases:

| | |
|---|---|
| Petitioners' Opening Brief(s) (not to exceed 22,000 words in the aggregate, divided among no more than three briefs) | February 2, 2024 |

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1125**                                          **September Term, 2023**

| | |
|---|---|
| Respondents' Brief (not to exceed 22,000 words) | May 2, 2024 |
| Respondent-Intervenors' Briefs (not to exceed 9,100 words each) | May 16, 2024 |
| Petitioners' Reply Brief(s) (not to exceed 11,000 words in the aggregate, divided among no more than three briefs) | June 6, 2024 |
| Deferred Joint Appendix | June 20, 2024 |
| Final Briefs | July 8, 2024 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

<u>See</u> D.C. Cir. Rule 28(a)(7).

To avoid any duplication, the petitioners and the intervenors are obliged to consult during the preparation of their briefs and to adopt relevant portions of each other's briefs.  Briefs which are repetitious wholly or in part will be stricken.

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1125**  **September Term, 2023**

widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

     Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Selena R. Gancasz
Deputy Clerk